**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

| | |
|---|---|
| **NANCY OKSNEVAD,** | Civil Case Number: |
| **Plaintiff,** | |
| | **CIVIL ACTION** |
| **-v-** | |
| | **COMPLAINT** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | **AND DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

**INTRODUCTION**

1. Plaintiff, Nancy Oksnevad, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Experian Information Solutions, Inc. (Experian) has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

**JURISDICTION**

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the state of Florida and violated Plaintiff's rights under the FCRA in the state of Florida as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this

-1-

district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6.  Plaintiff, Nancy Oksnevad ("Plaintiff"), is a resident of Lake County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7.  Defendant Experian is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8.  Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

## FACTUAL ALLEGATIONS

9.  In mid-September 2023, Plaintiff noticed that Experian was reporting a DEPT OF ED/AIDVANTAGE account with an outstanding balance of $29,702.00.

10.  However, this information is inaccurate because the Plaintiff has no such balance with DEPT OF ED/AIDVANTAGE.  In fact, the account being reported on Plaintiff's credit report appears to have been opened in October of 1996.  However, in June of 2023, the Plaintiff obtained a discharge of this student loan debt by the United States, via Consent Motion following a Chapter 7 bankruptcy.

11.  Since the account was discharged in bankruptcy, it could not be reported as currently

-2-

having a balance.

12. Experian was well aware of the Plaintiff's bankruptcy, repeatedly reporting information relating to the Plaintiff's bankruptcy throughout her credit report.

13. Experian nevertheless failed to properly report the fact that this Dept of Ed debt was also discharged in bankruptcy, like the other discharged accounts that Experian was reporting on, thereby making it seem like the Plaintiff owes thousands of dollars more than she really does.

14. This harmed the Plaintiff because FICO Scores factor the following consumer report information: Payment history (35%); Amount of debt (30%); Length of credit history (15%); New credit (10%); and Credit mix (10%).

    a. "Payment history" refers to whether a consumer has paid his or her bills in the past, and whether these payments have been timely, late, or missed. In factoring the severity of delinquent payments, a FICO Score considers how late the payment continues to be, how much is owed, how recently the delinquency occurred, and how many delinquent accounts exist. The more severe, recent, and frequent late payments are, the lower a consumer's FICO Score will be.

    b. The "amount of debt" a consumer owes has a major impact on their credit score. When a CRA reports a debt as outstanding when it is in fact discharged, the CRA indicates that a consumer's "amount of debt" is higher than it actually is, which will undoubtedly impact a consumer's credit score.

15. Lenders also consider a consumer's debt-to-income ratio (DTI) before deciding to extend credit or approve financing terms.

16. DTI compares the total amount a consumer owes to the total amount a consumer earns.

17. A consumer's income, however, is not included in their consumer report; only their amount of debt is.

18. The higher the amount of reported debt that a consumer has, or appears to have, the worse the consumer's DTI will be, and the more difficult it will be for a consumer to obtain credit and favorable credit terms (e.g., higher interest and lower credit limits).

19. A consumer who has obtained a bankruptcy discharge and has an account reporting with outstanding or past due balances after the bankruptcy discharge suffers greater harm than if that account were accurately reporting with a zero-dollar balance.

20. At all times pertinent hereto, Experian's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e(b) of the FCRA.

21. As a direct and proximate result of the Defendant's willful and/or negligent refusal to comply with the FCRA, Plaintiff has been harmed in her daily life.  For example, Plaintiff's credit score dropped significantly, affecting the Plaintiff's ability to obtain credit.  Plaintiff has further been denied credit on a number of occasions due to the Defendant's conduct and has had this inaccurate information disseminated to potential credit grantors, causing her distress, embarrassment, annoyance and frustration.

**COUNT I**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15  U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

22. All preceding paragraphs are realleged.

23. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

24. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report and prevented it from being reported in the first place, considering that Experian had actual notice that the Plaintiff's accounts had been discharged in bankruptcy.

25. Experian's conduct was willful as it recklessly disregarded information already available to it and failed to have adequate procedures in place to prevent the reporting of discharged balances.

26. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

27. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

-5-

G.  Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct

alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 5, 2024

/s/ Joseph H. Kanee
Joseph H. Kanee, Esq.
MARCUS & ZELMAN, LLC
4000 Ponce De Leon Blvd, Suite 470
Coral Gables, FL 33146
(786) 369-1122 telephone
(732) 298-6256 facsimile
joseph@marcuszelman.com
*Attorney for Plaintiff*